T.C. Summary Opinion 2004-168


UNITED STATES TAX COURT



EVANS A. MBACHU, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2914-04S.               Filed December 7, 2004.



Evans A. Mbachu, pro se.

<u>John W. Sheffield III</u>, for respondent.



COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered

---

[1]     Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $4,400 in petitioner's Federal income tax for 2002. The issues for decision are whether petitioner is entitled to head of household filing status under section 2(b) and whether petitioner is entitled to the earned income credit under section 32(a).

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are made part hereof. Petitioner's legal residence at the time the petition was filed was Marietta, Georgia.

Petitioner filed a Federal income tax return for 2002 on which he claimed two dependency exemption deductions for his stepchildren, a child tax credit under section 24, and the earned income credit under section 32(a). Petitioner filed as a head of household under section 2(b). In the notice of deficiency, respondent disallowed the two dependency exemption deductions, the section 24 child tax credit and the section 32(a) earned income credit and changed petitioner's filing status to married filing separately. At trial, respondent conceded petitioner's entitlement to the two dependency exemption deductions.[2] With

_____

[2] As a result of this concession, since the evidence at trial satisfied the conditions of sec. 24(c)(1) relating to the meaning of "qualifying child", the allowance of the dependency
(continued...)

these concessions, the issues remaining for decision are petitioner's claim to head of household filing status under section 2(b) and petitioner's claim to the section 32(a) earned income credit.

Petitioner has a master's degree in sociology and was employed in a rehabilitation center for the mentally retarded. During the year in question, petitioner was married to Charlene Hill. They were living separately and apart throughout the year 2002. They have never been divorced or legally separated. Petitioner and Ms. Hill have no children, although Ms. Hill has five children from a previous marriage. Respondent agrees that petitioner is entitled to the dependency exemption deductions for two of her children for the year at issue. It is for these two children that petitioner claims head of household filing status and the earned income credit.

Although the two children did not live full time with petitioner during 2002, they spent time with him every year, usually during the 3-month summer period when the children were not in school. Also, during the year, petitioner contributed

---

[2](...continued) exemption deduction for the two children entitles petitioner to the child tax credit under sec. 24. Under sec. 24(c)(1), a qualifying child includes any individual who is a dependent under sec. 151, has not attained the age of 17, and bears a relationship to the taxpayer, which includes a stepchild. Sec. 24(c)(1)(A), (B), and (C).

money to his wife for payment of her house rent, which petitioner contends constituted his providing "accommodations" to the children. Petitioner also paid for the children's "fillings", which the Court assumes was for their dental expenses. The two children were 13 and 14 years of age during the year 2002.

With respect to the first issue, the claimed head of household filing status, section 2(b) defines a head of household as an individual taxpayer who (1) is not married at the close of the taxable year and (2) maintains as his home a household which constitutes the principal place of abode for more than one-half of the taxable year of a stepson or stepdaughter of the taxpayer. Sec. 2(b)(1)(A)(i). Although petitioner was married and not divorced at the close of the tax year in question, section 2(c) provides that an individual shall be treated as not married at the close of the taxable year if such individual is so treated under section 7703(b). Under section 7703(b)(3), a taxpayer who maintains as his home a household which constitutes the principal place of abode for more than one-half the year of a child for whom he is entitled to a deduction under section 151 is deemed to be "not married" if, during the last 6 months of the year at issue, his spouse did not reside with him.

Petitioner's spouse did not live with him during the last 6 months of the year 2002. Respondent agrees that petitioner was entitled to the dependency exemption deductions for the two

children. The remaining question is whether petitioner maintained as his home a household that constituted the principal place of abode for the two children for more than one-half of the year. Petitioner does not satisfy that requirement. The children lived with petitioner, at most, only 3 months during the year. At all other times, they lived with their mother. The mere fact that petitioner contributed or "provided accommodations" by reimbursing his wife for the rent on her place of abode is not considered maintaining a household where that household did not constitute petitioner's home. Sec. 1.2-2(c)(1), Income Tax Regs. The principal place of abode for the two children was the residence of petitioner's wife, not petitioner. Therefore, petitioner was considered "married" under section 7703(b). It follows that, under section 2(b)(1), petitioner is not entitled to head of household filing status for the year 2002.

The remaining issue is whether petitioner is entitled to the earned income credit. Section 32(a) provides for an earned income credit in the case of an eligible individual. Section 32(c)(1)(A), in pertinent part, defines an "eligible individual" as an individual who has a qualifying child for the taxable year. Sec. 32(c)(1)(A)(i). A qualifying child is one who satisfies a relationship test, a residency test, an age test, and an identification requirement. Sec. 32(c)(3). As relates to this

case, section 32(c)(3)(A)(ii) defines, as one of the factors constituting a "qualifying child", an individual who has the same principal place of abode as the taxpayer for more than one-half of the taxable year. As concluded in the preceding discussion, the two stepchildren did not have their principal place of abode with petitioner for more than one-half of the taxable year 2002. Petitioner, therefore, is not entitled to the earned income credit for the year 2002.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.